GREGORY & DAVIS v. PERKINS ET AL.

**Fraud:** JUDGMENT OBTAINED BY: CONSPIRACY.  Where the owners of real estate and persons having mechanic's liens thereon conspired to defraud a purchaser of the land by falsely representing that no actions had been commenced to enforce the liens, and by having executions issued immediately after the judgments were rendered, to prevent the election of a sale subject to redemption, it was *held* that the purchaser was entitled to equitable relief, and that the judgments thus fraudulently obtained should be set aside.

*Appeal from Harrison District Court.*

FRIDAY, DECEMBER 11.

SUIT in equity to enjoin the sale of lot eleven, block twenty, in the town of Dunlap, Harrison county, under certain judgments upon mechanic's lien claims.  A demurrer to the petition was sustained.  The plaintiff appeals.

*F. Bangs*, for appellant.

*John V. Evans*, for appellees.

COLE, J.—The plaintiff filed his petition on May 29, 1873, alleging, in substance, that he purchased the lot in controversy March 29, 1873, of one Haynes, at the price of four thousand

dollars; that the said defendants, who are severally holders of mechanic's liens upon said lot, combined and confederated together with the said Haynes to cheat and defraud the plaintiff; and for that purpose falsely represented that there were no liens upon the lot except the mechanic's liens held by these defendants, and that no suits had been commenced to enforce them, and that the plaintiff would have one year to redeem said lot from any sales under said liens. Whereas, in truth, suits had been commenced upon three of said liens held by defendants, and judgments were rendered thereon April 30, 1873, and on the same day executions were issued in order to prevent plaintiff from filing his election to have said lot sold subject to redemption. That plaintiff had no knowledge whatever of the pendency of said suits until after the levy of the executions upon the lot and notice was given him that it would be sold under appraisement; that if the sale was subject to redemption, he could raise the money to redeem and save the lot, but if made under appraisement it would be almost impossible for him to satisfy the judgments and save the lot. He asked that said judgments be set aside, and that he be allowed his day in court, and at least to secure a sale of the lot subject to redemption, and for all proper relief.

In our view, these facts constitute a ground for equitable relief. If the defendants, by their agents and attorneys, falsely represented that no suits to enforce the liens had been commenced, and by means thereof secured their judgments without notice to, or defense by, this plaintiff, and issued executions and had them levied so as to defeat the right of election to have the property sold subject to the right of redemption, these facts constitute such fraud as entitles the plaintiff to the relief asked. The demurrer was, therefore, improperly sustained.

REVERSED.